**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VENTURE GLOBAL ENGINEERING, LLC, and
THE LARRY J. WINGET LIVING TRUST,

    Plaintiffs,

v.                                                        Case No. 10-15142

SATYAM COMPUTER SERVICES LTD, n/k/a
MAHINDRA SATYAM,

    Defendant.
                                              /

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Following the dismissal of their complaint, Plaintiffs filed a motion for leave to amend the complaint to add factual allegations and a claim to equitably set aside the judgment of the court in an earlier action. The court denied Plaintiffs' motion. On appeal, the Sixth Circuit found the allegations in the original complaint sufficient to plead a claim of wrongful concealment, and thus rendered moot the portion of Plaintiff's motion that sought to add factual allegations. As for the equitable claim, the Sixth Circuit stated:

> The only reason the district court gave for denying leave to add the equitable claim is that a final judgment was in place and plaintiffs never moved the court to reconsider its ruling or to alter, set aside, or vacate the judgment. But because we are reversing the dismissal and remanding the action for further proceedings, we have vacated the judgment. That removes the only barrier to adding the claim that the district court identified. It is therefore appropriate for the district court on remand to reconsider plaintiffs' request for leave to add their claim for equitable relief.

*Venture Global Eng'g, LLC v. Satyam Computer Servs., Ltd.*, 730 F.3d 580, 590 (6th Cir. 2013). Having reconsidered Plaintiffs' motion, the court will grant Plaintiffs leave to amend the complaint and add an equitable claim.

Rule 15 allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of a defendant's Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). Where, as is the case here, the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating leave should be freely given, absent factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment").

Given that the Sixth Circuit vacated the court's judgment, granting leave to amend will no longer result in undue prejudice to Defendants' interests. The Sixth Circuit has held that "'[t]o deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent.'" *Duggin v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986)). "The *Moore* case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent. The court noted that 'delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced.'" *Id.* (quoting *Moore*, 790 F.2d at 560). Moreover, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980). Because Defendant's motion to dismiss

2

was previously granted, there was no discovery in this case.  Granting Plaintiffs leave to amend to add an equitable claim will not prejudice Defendant.  Accordingly,

IT IS ORDERED that Plaintiffs are GRANTED leave to file an amended complaint with an equitable claim.

       s/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2013, by electronic and/or ordinary mail.

       s/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522